## YEAGER v. CIRCLE.

It will be presumed that costs were properly taxed in the court below until the contrary appears.

A question, of taxing costs, must first have been acted upon by the court below before it can be legitimately adjudicated by the supreme court.

The fee book, under the statute, may become a part of the record in a case; but unless the fee bill was made up under the direction of the court, it is merely a record of the clerk's proceedings.

ERROR, *to Van Buren District Court.*

*James H. Cowles,* for the plaintiff in error. The fee book is part of the record, and is certified to this court as such. Having control of the entire record, if there be error in any part of it, the court will correct it.

The judgment of the district court is for the principal and costs made up in the fee book. If the judgment for the principal be correct, let it stand. If the record shows an erroneous judgment for costs, it can and ought to be corrected. When a judgment is erroneous in part, and can be set right without a reversal of the whole, it should be reversed as to that part, and remain good for the rest. *Nelson* v. *Andrews,* 2 Mass. 164; *Glover* v. *Heath,* 3 ib. 252; *Johnson* v. *Harvey,* 4 ib. 485; *Waite* v. *Garland,* 7 ib. 453.

*Wright* and *Knapp* and *A. Hall,* for the defendant.

*Opinion by* GREENE, J. The only error relied upon in this case, is in the taxation of costs in the court below, for more than two witnesses, without the certificate of the judge that they were necessary. It does not appear affirmatively from the record that the necessary certificate was not made to the clerk to justify the taxation of costs, and we must necessarily presume that the officers performed their duty until the contrary is made to appear. It appears over the signature of the clerk that the costs were taxed by

order of the court. This leaves but little doubt that the necessary certificate or direction was given. But if the records even showed that the costs were improperly charged by the clerk of the district court, the motion for retaxing them must first be acted upon by that court, before the supreme court can properly entertain jurisdiction. To adjudicate upon the errors of a clerk's fee bill before the same has been submitted to the action of the court below, would be an exercise of original jurisdiction unauthorized by the constitution.

As is claimed by counsel for the plaintiff, the transcript of the fee book, under the 26th section of the Practice Act, *Rev. Stat.* 474, may properly become a part of the record in a case; but unless the fee bill is made up under the direction of the judge, it is not a record of the proceedings of the court, but merely of the action of the clerk after the adjudication of a case below is fully determined.

Judgment affirmed.